UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UTICA MUTUAL INSURANCE COMPANY,

                  Plaintiff,                                  No. 6:13-CV-995 [DNH/ATB]

    -against-

CENTURY INDEMNITY COMPANY,                    COMPLAINT
AS SUCCESSOR TO
CCI INSURANCE COMPANY,                            (Jury Trial Demanded)
AS SUCCESSOR TO
INSURANCE COMPANY OF NORTH
AMERICA,
                  Defendant.
-----------------------------------------------------------------X

       Utica Mutual Insurance Company, by its attorneys, Hunton & Williams LLP, for its Complaint, alleges as follows:

## JURISDICTION AND VENUE

       1.    This is an action for breach of contract, account stated, breach of the duty of utmost good faith and fair dealing, and for declaratory judgment brought pursuant to 28 U.S.C. § 2201, for the purpose of determining an actual controversy between the parties as described below.

       2.    This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000, exclusive of interest, attorneys' fees, and costs, and plaintiff and defendant are citizens of different States.

       3.    Venue is properly placed under 28 U.S.C. § 1391, as this is a diversity action, Utica resides in this district, and defendant corporation is registered to do business in this district and is doing business in this district, and a substantial part of the events giving rise to this

Complaint occurred in this district.

## THE PARTIES

4. At all relevant times, Utica was and still is a corporation organized and existing under the laws of the State of New York with its principal place of business at 180 Genesee Street, New Hartford, New York where it is engaged in the business of an insurance company.

5. Upon information and belief, at all relevant times, Century Indemnity Company ("Century"), as Successor To CCI Insurance Company ("CCI"), as Successor To Insurance Company of North America ("INA"), was and still is a corporation organized under the laws of the Commonwealth of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania where it is engaged in the business of an insurance company.

6. Upon information and belief, Century is the successor to CCI, which was the successor to INA. Upon information and belief, Century is responsible for INA's obligations under the reinsurance agreements at issue.

7. Upon information and belief, at all relevant times, Century was authorized to conduct business – and has conducted business – in the State of New York, including within the Northern District of New York.

## FACTUAL BACKGROUND

8. Utica provided liability insurance coverage pursuant to certain underlying policies of insurance (the "Underlying Policies").

9. Pursuant to the terms of the Underlying Policies, Utica has made certain payments for loss and expense related to liability claims (the "Underlying Payments").

10. Utica purchased from INA reinsurance related to certain Underlying Policies that Utica had issued, and pursuant to those reinsurance agreements, INA is required to reimburse

Utica for certain Underlying Payments.

11. Specifically, Utica and INA entered into two reinsurance agreements: (a) Certificate FRC 00978 related to a 1973 insurance policy (the "1973 Certificate"); and (b) Certificate FRC 05441 related to a 1975 policy (the "1975 Certificate") (collectively, the "Reinsurance Certificates"). Documents related to the 1973 Certificate and the 1975 Certificate are attached as Exhibits 1 and 2, respectively.

12. Despite its diligent and reasonable efforts, Utica has been unable to locate a complete copy of the Reinsurance Certificates.

13. Under the Reinsurance Certificates, Century owes to Utica the utmost duty of good faith and fair dealing.

14. Pursuant to the terms of the 1973 Certificate, Utica has billed a total of $2,712,437.01 to Century, which Century is required to pay.

15. Pursuant to the terms of the 1975 Certificate, Utica has billed a total of $715,000 to Century, which Century is required to pay.

16. Utica has provided all information requested by Century, including information about the liability claims, Utica's Underlying Payments for loss, and the billings submitted to Century. In addition, Utica made the relevant files and information available during an audit conducted by Century.

17. Utica has complied with all of the terms and conditions of the Reinsurance Certificates.

18. Century has not advised Utica of any specific grounds upon which Century has refused to pay Utica's outstanding billings.

19. In breach of its obligations under the Reinsurance Certificates, Century has failed

to pay any of the billings, leaving a total outstanding balance of $3,427,437.01.

## COUNT I (Breach of Contract)

20. Utica repeats and realleges the allegations contained in all of the preceding paragraphs.

21. Utica has performed all of its obligations under the Reinsurance Certificates.

22. Pursuant to the Reinsurance Certificates, Century is obligated to pay to Utica $3,427,437.01, but Century has failed to make such payment.

23. Century breached the Reinsurance Certificates by failing to pay the outstanding billings.

24. Because of Century's breach, Utica has sustained damages in the sum of $3,427,437.01, and such damages are continuing.

25. By reason of the foregoing, Utica demands judgment against Century in the sum of $3,427,437.01.

## COUNT II (Account Stated)

26. Utica repeats and realleges the allegations contained in all of the preceding paragraphs.

27. The reinsurance claims and Utica's billings for those claims constituted statements of the amount Century owed to Utica under the Reinsurance Certificates.

28. Century failed to question or object to any of Utica's statements within a reasonable time.

29. The reinsurance claims and Utica's billings constitute accounts stated in the total amount of $3,427,437.01, exclusive of interest and costs.

30. As a result, Century is required to pay Utica $3,427,437.01, exclusive of interest

and costs.

### COUNT III (Violation of Duty of Utmost Good Faith and Fair Dealing)

31. Utica repeats and realleges the allegations contained in all of the preceding paragraphs.

32. Century has improperly refused to honor its obligations under the Reinsurance Certificates by not timely paying Utica's outstanding billings.

33. Century owes Utica a duty of utmost good faith and fair dealing.

34. Utica has provided all information requested by Century, including information about the liability claims, Utica's Underlying Payments, and the billings submitted to Century.

35. Utica has also complied with all of the terms and conditions of the Reinsurance Certificates.

36. Century has not advised Utica of any specific grounds upon which Century has refused to pay Utica's outstanding billings.

37. Nevertheless, and without any proper basis, Century has refused to pay Utica's outstanding billings. In so doing, Century breached its obligations to Utica, including Century's duty to utmost good faith and fair dealing.

38. As a direct and proximate cause of Century's conduct, Utica has sustained and continues to sustain damages, including incurring attorneys' fees and other costs in connection with this lawsuit, which resulted from Century's breach of its duty of utmost good faith and fair dealing.

39. By reason of the foregoing, Utica is entitled to judgment against Century for the breach of its obligations owed to Utica, including Century's breach of its duty of utmost good faith and fair dealing, and Century is liable for all resulting damages, including attorneys' fees

and interest.

## COUNT IV (Declaratory Judgment)

40. Utica repeats and realleges the allegations contained in all of the preceding paragraphs.

41. Utica will continue to pay additional amounts in connection with the liability claims, and the additional payments are subject to reimbursement by Century.

42. There is an actual and justiciable controversy between Utica and Century regarding the parties' rights and obligations with respect to Utica's future billings.

43. By reason of the foregoing, Utica is entitled to a judgment declaring that Century is obligated to pay Utica's future billings.

WHEREFORE, Utica requests that the Court:

1. Enter judgment in favor of Utica against Century in the sum of $3,427,437.01 for amounts currently outstanding;

2. Declare that Century is obligated to pay future billings by Utica; and

3. Award interest, attorneys' fees, costs, and such other relief the Court deems just and proper.

*   *   *

Utica demands a trial by jury.

Dated:  August 16, 2013

HUNTON & WILLIAMS LLP

/s/ Syed S. Ahmad
Syed S. Ahmad
(N.D.N.Y. Bar No. 602911)
1751 Pinnacle Drive
Suite 1700
McLean, Virginia 22102
Tel: (703) 714-7400
sahmad@hunton.com

Of counsel:

Walter J. Andrews
Patrick M. McDermott
1751 Pinnacle Drive
Suite 1700
McLean, Virginia 22102
Tel: (703) 714-7400
wandrews@hunton.com
pmcdermott@hunton.com

*Attorneys for Plaintiff*
*Utica Mutual Insurance Company*