IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UTICA MUTUAL INSURANCE COMPANY : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> CENTURY INDEMNITY COMPANY, AS : <br> SUCCESSOR TO CCI INSURANCE COMPANY, : <br> AS SUCCESSOR TO INSURANCE COMPANY : <br> OF NORTH AMERICA : <br> : <br> Defendant. : | NO. 6:13-CV-00995-DNH-ATB |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT CENTURY INDEMNITY COMPANY TO PLAINTIFF'S COMPLAINT**

Defendant Century Indemnity Company ("Century") hereby responds to Plaintiff Utica Mutual Insurance Company's ("Utica") Complaint.

1. Denied as stated. Century admits only that Plaintiff purports to bring this action as described in Paragraph 1.

2. Admitted.

3. Century admits only that it is registered to do business in the state of New York. To the extent that the allegations in Paragraph 3 are conclusions of law, no response is required. To the extent that the allegations pertain to Utica, Century lacks knowledge and information sufficient to respond to those allegations, and they are accordingly denied.

4. To the extent that the allegations in Paragraph 4 are conclusions of law, no response is required. Century lacks knowledge and information to respond to the remaining allegations in Paragraph 4, and they are accordingly denied.

5. Admitted.

6. Century admits only that it has assumed the rights and liabilities of CCI and INA. To the extent that the allegations in Paragraph 6 purport to characterize any "reinsurance agreements," the documents speak for themselves and those allegations are accordingly denied.

7. Admitted.

8. The underlying policies are written documents that speak for themselves, and Plaintiff's characterization of the underlying policies is therefore denied.

9. To the extent that the allegations in Paragraph 9 purport to characterize the underlying policies, the documents speak for themselves, and those allegations are accordingly denied. To the extent that the allegations in Paragraph 9 pertain to actions taken by Utica, Century lacks knowledge and information to respond to those allegations, and they are accordingly denied.

10. To the extent that the allegations in Paragraph 10 are conclusions of law, no response is required. To the extent that the allegations in Paragraph 10 purport to characterize the underlying insurance policies or any "reinsurance agreements," the documents speak for themselves, and those allegations are accordingly denied.

11. To the extent that the allegations in Paragraph 11 purport to characterize certain reinsurance certificates or related documents, the documents speak for themselves and those allegations are accordingly denied. By way of further response, the exhibits to Plaintiff's Complaint do not contain the "1975 Certificate" which neither party has been able to locate.

12. Century lacks knowledge and information sufficient to respond to the allegations in Paragraph 12, and those allegations are accordingly denied.

Error! Unknown document property name.

-3-

13. To the extent that the allegations in Paragraph 13 are conclusions of law, no response is required. To the extent that the allegations in Paragraph 13 purport to characterize the reinsurance certificates or related documents, the documents speak for themselves, and those allegations are accordingly denied.

14. Century admits only that Plaintiff has billed Century for amounts purportedly owed under the 1973 Certificate. To the extent that the allegations in Paragraph 14 purport to characterize the 1973 Certificate, the document speaks for itself and those allegations are accordingly denied.

15. Century admits only that Plaintiff has billed Century for amounts purportedly owed under the 1975 Certificate. To the extent that the allegations in Paragraph 15 purport to characterize the documents related to the 1975, the documents speak for themselves and those allegations are accordingly denied. By way of further response, neither party has been able to locate a copy of the 1975 Certificate.

16. Century specifically admits that Utica has provided certain information regarding the liability claims, payments for loss, and bills. Century further specifically admits that it performed a claims review at Utica's office. The remaining allegations in Paragraph 16 are denied.

17. To the extent that the allegations in Paragraph 17 are conclusions of law, no response is required. To the extent that the allegations in Paragraph 17 purport to characterize the reinsurance certificates or related documents, the documents speak for themselves and those allegations are accordingly denied. The remaining allegations in Paragraph 17 are denied. By way of further response, Utica has billed for costs not covered by the underlying policy and thus

-4-

not reinsured by the 1973 Certificate and has failed to provide timely notice as required by the reinsurance certificates.

18. Denied.

19. To the extent that the allegations in Paragraph 19 are conclusions of law, no response is required. To the extent that the allegations in Paragraph 19 purport to characterize the reinsurance certificates or related documents, the documents speak for themselves and those allegations are accordingly denied. Century specifically denies that it breached any obligation to Plaintiff.

**COUNT I (Breach Of Contract)**

20. Century incorporates by reference its responses above to Paragraphs 1 through 19 as if fully set forth herein.

21. To the extent that the allegations in Paragraph 21 are conclusions of law, no response is required. To the extent that the allegations in Paragraph 21 purport to characterize the reinsurance certificates or related documents, the documents speak for themselves and those allegations are accordingly denied. The remaining allegations in Paragraph 21 are denied.

22. To the extent that the allegations in Paragraph 22 are conclusions of law, no response is required. To the extent that the allegations in Paragraph 22 purport to characterize the reinsurance certificates or related documents, the documents speak for themselves and those allegations are accordingly denied. The remaining allegations in Paragraph 22 are denied. By way of further response, Century has agreed to pay Utica $1,736,433.61 for certain amounts billed under the 1973 Certificate.

23. To the extent that the allegations in Paragraph 23 are conclusions of law, no response is required. To the extent that the allegations in Paragraph 23 purport to characterize

Error! Unknown document property name.

the reinsurance certificates or related documents, the documents speak for themselves and those allegations are accordingly denied. The remaining allegations in Paragraph 23 are denied.

24. Paragraph 24 is a conclusion of law to which no response is required. By way of further response, Century has agreed to pay Utica $1,736,433.61 for certain amounts billed under the 1973 Certificate.

25. Paragraph 25 is a conclusion of law to which no response is required. By way of further response, Century has agreed to pay Utica $1,736,433.61 for certain amounts billed under the 1973 Certificate.

## COUNT II (Account Stated)

26. Century incorporates by reference its responses above to Paragraph 1 through 25 as if fully set forth herein.

27. To the extent that the allegations in Paragraph 27 are conclusions of law, no response is required. To the extent that the allegations in Paragraph 27 purport to characterize the reinsurance certificates or related documents, the documents speak for themselves and those allegations are accordingly denied. The remaining allegations in Paragraph 27 are denied.

28. Denied.

29. To the extent that the allegations in Paragraph 29 are conclusions of law, no response is required. To the extent that the allegations in Paragraph 29 purport to characterize the reinsurance certificates or related documents, the documents speak for themselves and those allegations are accordingly denied. The remaining allegations in Paragraph 29 are denied. By way of further response, Century has agreed to pay Utica $1,736,433.61 for certain amounts billed under the 1973 Certificate.

30. To the extent that the allegations in Paragraph 30 are conclusions of law, no response is required. To the extent that the allegations in Paragraph 30 purport to characterize

-5-

the reinsurance certificates or related documents, the documents speak for themselves and those allegations are accordingly denied. The remaining allegations in Paragraph 30 are denied.

### COUNT III (Violation Of Duty Of Utmost Good Faith And Fair Dealing)

31. Century incorporates by reference its responses above to Paragraphs 1 through 30 as if fully set forth herein.

32. To the extent that the allegations in Paragraph 32 are conclusions of law, no response is required. To the extent that the allegations in Paragraph 32 purport to characterize the reinsurance certificates or related documents, the documents speak for themselves and those allegations are accordingly denied. The remaining allegations in Paragraph 32 are denied.

33. Paragraph 33 is a conclusion of law to which no response is required.

34. Century admits only that Utica has provided certain information regarding the liability claims, payments for loss and bills. The remaining allegations in Paragraph 34 are denied.

35. To the extent that the allegations in Paragraph 35 are conclusions of law, no response is required. To the extent that the allegations in Paragraph 35 purport to characterize the reinsurance certificates or related documents, the documents speak for themselves and those allegations are accordingly denied. The remaining allegations in Paragraph 35 are denied. By way of further response, Utica has billed for costs not covered by the underlying policy and thus not reinsured by the 1973 Certificate and has failed to provide timely notice as required by the reinsurance certificates.

36. Denied.

37. To the extent that the allegations in Paragraph 37 are conclusions of law, no response is required. By way of further response, Century specifically denies that it breached any obligation to Plaintiff. The remaining allegations in Paragraph 37 are denied.

Error! Unknown document property name.

38. The allegations in Paragraph 38 are conclusions of law to which no response is required. By way of further response, Century specifically denies that it breached any duty to Plaintiff.

39. The allegations in Paragraph 39 are conclusions of law to which no response is required. By way of further response, Century specifically denies that it breached any duty to Plaintiff.

## COUNT IV (Declaratory Judgment)

40. Century incorporates by reference its responses to Paragraphs 1 through 39 as if fully set forth herein.

41. To the extent that the allegations in Paragraph 41 are conclusions of law, no response is required. The remaining allegations are denied.

42. To the extent that the allegations in Paragraph 42 are conclusions of law, no response is required. The remaining allegations are denied.

43. The allegations in Paragraph 43 are conclusions of law to which no response is required.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver, estoppel and/or unclean hands.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate damages, if any.

## FOURTH AFFIRMATIVE DEFENSE

Error! Unknown document property name.

Plaintiff's claims are barred, in whole or in part, by the terms of the reinsurance agreements.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that Defendant has paid or has agreed to pay Plaintiff certain amounts billed under the 1973 Certificate.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to adequately demonstrate the existence of the 1975 Certificate or its terms.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's payment of costs not covered by the underlying policy and thus not reinsured by the 1973 Certificate.

### REQUEST FOR RELIEF

WHEREFORE, Century Indemnity Company demands judgment dismissing the Complaint with prejudice and granting such other and further relief as may be just and proper.

Dated:  September 17, 2013                    Respectfully Submitted ,


/s/Samuel J. Abate, Jr.
Samuel J. Abate, Jr.
(SA 0915)
Pepper Hamilton LLP
The New York Times Building, 37th Floor
620 Eighth Avenue
New York, NY 10018
Phone: 212.808.2706
Fax: 212.286.9806
abates@pepperlaw.com

Of Counsel:

-9-

                Charles E. Leasure III
                Isla L. Long
                Alexander L. Harris
                Pepper Hamilton LLP
                3000 Two Logan Square
                Eighteenth & Arch Streets
                Philadelphia, PA  19103-2799
                Phone: 215.981.4000
                Fax: 215.981.4750
                leasurec@pepperlaw.com
                longl@pepperlaw.com
                harrisa@pepperlaw.com

*Attorneys for Defendant*
*Century Indemnity Company*

**Error! Unknown document property name.**

-10-

## CERTIFICATE OF SERVICE

I hereby certify that, on September 17, 2013, a true and correct copy of the foregoing Corporate Disclosure Statement was served upon all counsel of record via the Court's electronic filing system and upon the following via U.S. Mail:

> Syed S. Ahmad
> Walter J. Andrews
> Patrick M. McDermott
> Hunton & Williams LLP
> 1751 Pinnacle Drive
> Suite 1700
> McLean, Virginia 22102

By:   /s/*Alexander L. Harris*
     Alexander L. Harris

**Error! Unknown document property name.**