UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UTICA MUTUAL INSURANCE
COMPANY,

        Plaintiff,

        -v-                               6:13-CV-995

CENTURY INDEMNITY COMPANY,
as Successor to CCI Insurance Company,
as Successor to Insurance Company of
North America,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CENTURY INDEMNITY COMPANY,
as Successor to CCI Insurance Company,
as Successor to Insurance Company of
North America,

        Counter–Claimant,

        -v-

UTICA MUTUAL INSURANCE
COMPANY,

        Counter–Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| HUNTON ANDREWS KURTH LLP<br>Attorneys for Plaintiff<br>2200 Pennsylvania Avenue, NW<br>Washington, DC 20037 | SYED S. AHMAD, ESQ.<br>WALTER J. ANDREWS, ESQ. |

| | |
|---|---|
| O'MELVENY, MYERS LAW FIRM | BRAD M. ELIAS, ESQ. |
| Attorneys for Defendant | NATHANAEL T. EVERHART, ESQ. |
| 7 Times Square | TANCRED V. SCHIAVONI, ESQ. |
| Times Square Tower | TIMOTHY WOOD GRINSELL, ESQ. |
| New York, NY 10036 | VINCENT S. WEISBAND, ESQ. |

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

This is the latest chapter in a long-running dispute between Utica Mutual Insurance Company ("Utica"), a primary insurer, and Century Indemnity Company ("Century"), one of its reinsurers, over whether the latter must repay to the former certain sums of money spent to settle claims against Goulds Pumps, the underlying insured party.

On September 26, 2018, a Memorandum–Decision & Order resolved the parties' competing motions for partial summary disposition of various aspects of the pending litigation. Utica Mut. Ins. Co. v. Century Indem. Co., 2018 WL 4625404 (N.D.N.Y. Sept. 26, 2018) (the "September MDO").

Century has since moved pursuant to Local Rule 7.1(g) seeking partial reconsideration of the September MDO. Utica opposes the motion, which has been fully briefed and will be considered on the basis of the submissions without oral argument.[1]

## II. DISCUSSION

Century seeks reconsideration of two different determinations reached in the September MDO: *first*, the denial of Century's motion for partial summary judgment on

---

[1] Century has also moved for leave to file a reply in further support of its motion for reconsideration.

- 2 -

collateral estoppel; and second, the denial of Century's motion to dismiss for lack of standing. According to Century, reconsideration of these conclusions is warranted because the September MDO overlooked "controlling evidence" on the collateral estoppel issue and "controlling decisions" on the standing issue. Century Mem., Dkt. No. 521-1, 4.[2]

A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Utica Mut. Ins. Co. v. Century Indem. Co., 2017 WL 1052719 at *4 (N.D.N.Y. Jan. 18, 2017) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). "Accordingly, a court's 'previous ruling will only be reconsidered and vacated if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice.'" Id. (quoting United States v. Jackson, 41 F. Supp. 3d 156, 164 (N.D.N.Y. 2014)).

**1. Estoppel**

On summary judgment, Century sought to estop Utica from claiming that the 1973 Certificate obligates Century to pay for Utica's defense costs. According to Century, Utica already lost this exact argument in an arbitration proceeding with R&Q, another reinsurer that had mounted a challenge to Utica's interpretation of a similar (if not identical) certificate.

The September MDO rejected this argument. Although it recognized that collateral estoppel may be applied to an issue resolved in arbitration, the September MDO also noted that application of the doctrine is often problematic because, *inter alia*, arbitrators are not

---

[2] Pagination corresponds with CM/ECF.

required to provide a precise explanation for their decision and often employ different legal standards. Citing a recent decision issued by U.S. District Judge Brenda K. Sannes in yet another pending reinsurance dispute involving Utica, the September MDO concluded Century had failed to demonstrate that summary judgment should be entered in its favor.

In moving for reconsideration, Century faults the Court for citing to Judge Sannes's decision. Century contends that because Judge Sannes's decision was issued after the completion of summary judgment briefing in this case, the September MDO was "without the benefit of briefing" on its impact. Century Mem. at 5. As a result, Century believes "the Court could have overlooked the fact that Century's facultative certificate—unlike Munich's—is identical or substantively identical to the certificates at issue in the R&Q arbitration." Id.

This argument is rejected. The September MDO did not simply adopt Judge Sannes's conclusions or mistakenly view the circumstances of that case as controlling in this one. Rather, the September MDO recognized it as a "similar estoppel argument"; viz., an argument by a reinsurer that an arbitration award should estop the insurer from litigating the meaning of certain language in a contract.

There as here, a party invoking estoppel to avoid trial of an issue bears a heavy burden. Utica Mut. Ins. Co. v. Munich Reinsurance Am., Inc., 2018 WL 1737623 (N.D.N.Y. Mar. 20, 2018) (Sannes, J.) ("The defendants must make a showing so strong that no fair-minded jury could fail to find that the arbitrator necessarily denied the claim for the reason they assert." (citation omitted)). The September MDO concluded Century had failed to satisfy that burden at this juncture. Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1224 (2d Cir. 1994) (Cardamone, J.) (emphasizing trial court's duty on summary

- 4 -

judgment is limited to "issue-finding; it does not extend to issue-resolution"). Accordingly, reconsideration of this issue will be denied.

### 2. Standing

Century's other argument is that the September MDO mistakenly relieved Utica of the burden "to establish its own standing." Century Mem. at 5, 10. According to Century, Utica has conveyed *all* of its rights in the reinsurance billings to NICO, the real party in interest.

This argument is also rejected. The September MDO concluded that *Utica* had submitted evidence "tending to establish" its claim of standing and, conversely, that Century's own submissions and citations to language in Utica's agreements with NICO failed to *conclusively* undermine Utica's showing. Accordingly, reconsideration on this basis will also be denied.

## III. CONCLUSION

Reconsideration is unwarranted. The parties are strongly encouraged to resolve their differences in a manner that renders unnecessary any further judicial intervention.

Therefore, it is

ORDERED that

1. Century's motion for leave to file a reply is GRANTED; and

2. Century's motion for partial reconsideration is DENIED.

IT IS SO ORDERED.

_____
United States District Judge

Dated: November 30, 2018
 Utica, New York.