UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UTICA MUTUAL INSURANCE
COMPANY,

        Plaintiff,

     -v-                                  6:13-CV-995

CENTURY INDEMNITY COMPANY,
as Successor to CCI Insurance Company,
as Successor to Insurance Company of
North America,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                            OF COUNSEL:

HUNTON ANDREWS KURTH LLP        SYED S. AHMAD, ESQ.
Attorneys for Plaintiff                    LATOSHA M. ELLIS, ESQ.
2200 Pennsylvania Avenue, NW        PATRICK M. MCDERMOTT, ESQ.
Washington, DC 20037                   WALTER J. ANDREWS, ESQ.


O'MELVENY, MYERS LAW FIRM          BRAD M. ELIAS, ESQ.
Attorneys for Defendant                NATHANAEL T. EVERHART, ESQ.
7 Times Square                             TANCRED V. SCHIAVONI, ESQ.
Times Square Tower                      VINCENT S. WEISBAND, ESQ.
New York, NY 10036                      REDWAN SALEH, ESQ.

E STEWART JONES HACKER MURPHY, LLP   JAMES E. HACKER, ESQ.
Attorneys for Defendant
28 Second Street
Troy, NY 12180

DAVID N. HURD
United States District Judge

## ORDER ON MOTIONS IN LIMINE

A jury trial in this matter is scheduled to begin on Monday, September 16, 2019 at 9:30 a.m. in Utica, New York. The parties have moved *in limine* seeking rulings on the admissibility of certain matters. Dkt. Nos. 549-57, 564, 592, 594-96. Those motions have been fully briefed. Dkt. Nos. 573-92, 603, 606-08.

The standard governing a motion *in limine* is set forth in detail in this Court's recent opinion in *Walker v. Schult*, 365 F. Supp. 3d 266, 274-75 (N.D.N.Y. 2019) and will not be repeated here. Briefly stated, however, "[e]vidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *Id*. (citation omitted). Accordingly, "[t]he trial judge may reserve judgment on a motion *in limine* until trial to ensure the motion is considered in the proper factual context." *Id*.

Upon review, Century's ninth, eleventh, and twelfth motions *in limine* will be granted because Utica Mutual has not opposed those requests. However, upon review of the parties' other filings in light of the governing standard set forth in *Walker*, several of these motions must be denied without prejudice to renew at an appropriate time during the course of the trial.

Therefore, it is

ORDERED that

1. Century's omnibus motion *in limine* (Dkt. No. 564) is GRANTED in part and DENIED in part;

2. Century's first motion *in limine* to preclude decisions from other actions is GRANTED;

3. Century's second motion *in limine* to preclude mediators' findings from the California Case of *Cannon Electric v. Affiliated FM Ins. Co.* is GRANTED;

4. Century's third motion *in limine* to preclude Utica from offering extrinsic evidence of an unambiguous legal contract is DENIED without prejudice to renew;

5. Century's fourth motion *in limine* to preclude Utica from offering testimony on issues on which it claimed privilege throughout discovery is GRANTED;

6. Century's fifth motion *in limine* to preclude Utica's lawyer fact witnesses from offering opinion testimony or legal opinions is DENIED without prejudice to renew;

7. Century's sixth motion *in limine* to preclude Utica from calling undisclosed lawyer expert witness Stefanie Walterick is DENIED without prejudice to renew;

8. Century's seventh motion *in limine* to preclude certain testimony of lawyer-expert Andrew Maneval is DENIED without prejudice to renew;

9. Century's eighth motion *in limine* to preclude cumulative expert testimony is DENIED without prejudice to renew;

10. Century's ninth motion *in limine* to preclude Utica from offering undisclosed expert opinions is GRANTED;

11. Century's tenth motion *in limine* to preclude Utica from offering testimony about treaty reinsurance that it withheld from discovery is GRANTED;

12. Century's eleventh motion *in limine* to preclude evidence of financial hardship is GRANTED;

13. Century's twelfth motion *in limine* to preclude evidence of charitable giving is GRANTED;

14. Century's thirteenth motion *in limine* to preclude Utica from offering into evidence designated portions of depositions taken in the California Case of *Cannon Electric v. Affiliated FM Insurance Co.* is GRANTED;

15. Century's motion (Dkt. No. 592) to preclude evidence of litigation reserves is GRANTED;

16. Utica Mutual's (Dkt. No. 549) motion *in limine* No. 1 to preclude certain evidence of disputes with other reinsurers is GRANTED;

17. Utica Mutual's (Dkt. No. 550) motion *in limine* No. 2 to preclude certain evidence of other insurers' interpretations is GRANTED;

18. Utica Mutual's (Dkt. No. 551) motion *in limine* No. 3 to preclude certain references to NICO, Berkshire Hathaway, and Warren Buffet is GRANTED;

19. Utica Mutual's (Dkt. No. 552) motion *in limine* No. 4 to preclude Bernd Heinze from testifying about certain legal issues is DENIED without prejudice to renew;

20. Utica Mutual's (Dkt. No. 553) motion *in limine* No. 5 to preclude evidence about alleged conditions precedent to the 1975 contract is DENIED without prejudice to renew;

21. Utica Mutual's (Dkt. No. 554) motion *in limine* No. 6 to preclude evidence about R&Q's alleged responsibility for the 1975 agreement is GRANTED;

22. Utica Mutual's (Dkt. No. 555) motion *in limine* No. 7 to preclude evidence about whether Utica needed to obtain consent to the defense endorsement is DENIED without prejudice to renew;

23. Utica Mutual's (Dkt. No. 556) motion *in limine* No. 8 to preclude Century from using the phrase "two sets of books" is DENIED without prejudice to renew; and

24. Utica Mutual's (Dkt. No. 557) motion *in limine* No. 9 to preclude evidence about the alleged lack of certain aggregate limits is DENIED without prejudice to renew.

IT IS SO ORDERED.

Dated: September 13, 2019
 Utica, New York.

United States District Judge